The opinion of the court was delivered by
Spencer, J.
This is a revpcatory action brought by plaintiff, who is joined by intervenor, to have annulled and set aside as fraudulent* and simulated, first, a notarial act of mortgage, executed by Joseph Girod, on 14th June, 1876, in favor of his four daughters, Constance, Amelie, Angel, and Elodie, to secure to them $4000 each, which he therein acknowledges to owe them; second, a judgment rendered in their favor against their father for the amount of said mortgage debt.
The debts held by plaintiff and intervenor against Girod arose from his notes given in December, 1874. Judgments were rendered in their favor against Girod in 1878. This suit in revocation was brought in 1878.
The grounds upon which plaintiff’s demands are founded are, in substance, that Joseph Girod was not indebted to his daughters, as set forth in said act. That if he ever'owed them anything, the debt was barred by prescription at the date of said mortgage, which prescription is specially pleaded; that Girod was at the time and to the knowledge of his daughters, insolvent; that the judgment was by consent obtained before the pretended debt was due, and was but the execution of a conspiracy to defraud the father’s creditors, and conferred unjust preference.
The defendants plead a general denial, prescription of one year, and aver the justness and legality of their mortgage and judgment.
The evidence is very voluminous. It shows that Joseph Girod and his wife were married in 1829 ; that he received large sums of money coming to her from her parents and grand parents ; that she died in 1858, leaving five children — the four daughters named and a son, Didier; that the son died in 1863, without other heirs than his father and four sisters.
After the death of Mrs. Girod in 1858, an inventory showed com *593 munity property to over 140,000 in amount. The eldest child, Constance, being then of age, conveyed to her father her share therein for some $4400, of which she in the deed acknowledges receipt. The father then had all the community property held by the minors adjudicated to him, and executed a special mortgage thereon in their favor to secure their part of the price. It is shown abundantly by oral and written evidence that the transfer by Constance to her father was without consideration, and made to enable him to give the special mortgage to the minors more satisfactorily to the court. In 1863 Girod, by authentic act, long before plaintiffs rights arose, recognized these facts and acknowledged his debt to Constance, and granted her a special mortgage to secure it.
The evidence does not leave the shadow of a doubt that on 14th June, 1876, 'when Girod executed the mortgage in question he honestly owed his daughters every dollar of the amount there acknowledged and even more. The only questions are, was the debt barred by prescription at that, time, and if so, was Girod insolvent. An insolvent debtor can not revive and resuscitate a prescribed debt to the prejudice of his creditors.
The weight of evidence goes to show that at that time, July, 1876, his property was assessed at about $63,000 ; and that two experienced real estate brokers made an estimation of it then at about $51,000. Their estimate was based upon its value at private sale, on the usual terms of one-third or one-half cash and the balance on time. His debts outside of the claim of his daughters did not exceed $32,000. His solvency was to say the least doubtful, and some two years later, his property, sold at forced sale, proved largely insufficient to meet his debts. The evidence showing interruption of prescription, consists of the act. of mortgage in 1858 to the minors and , that of 1863 to Constance. Under these acts no notes were given, but the debts were acknowledged. At various times, the father sold different pieces of these mortgaged properties, and the daughters intervened in the acts, and reciting their claims, relinquished their mortgages upon the properties sold, reserving their rights otherwise. There is oral evidence, and written memoranda of Girod, tending to show that he repeatedly acknowledged his liability to his children. They were his daughters, living with him, and caring for him in his old age. He justly owed them large amounts. It is entirely reasonable and natural that he should have spoken to them often in acknowledgment of their claims upon him. The evidence is strengthened by the inherent probabilities of the case. Yerbal acknowledgments may be proven to interrupt prescription, but evidence of oral renunciations of an already acquired prescription is inadmissible. The evidence satisfied the judge a quo that the debt of Girod to his daugh *594 ters was indisputably just and honest, and that it was not barred by prescription in July, 1876, when the mortgage was given. We are led to the same conclusion.
We have seen that at that time Girod’s insolvency was by no means notorious — in fact, i! we are to credit experts in property values, he was solvent. The daughters are not shown to have known the extent of his liabilities, which were all precipitated upon by endorsements for other people. The evidence is that they did not know, and liad not reason to suppose, him insolvent.
But be this as it may, their debt was a just one, and the only ground upon which their mortgage can be attacked, is that it created in their favor an unjust preference. The action to annul for this cause must be brought within one year from the date of the contract. C. C. (old) 1982. That the plaintiff and intervenor have not done, and the plea of prescription by defendants was rightfully maintained.
We do not think this a proper case for damages.
Judgment affirmed, at costs of appellants.
Mr. Justice White, being recused, takes no part in this decision.